UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA S. McNAUGHTON,

        Plaintiff,                   Case No.  9-10766

v.                                    District Judge Paul D. Borman
                                     Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability appeal, brought under 42 U.S.C. § 405(g) by Plaintiff Rebecca S. McNaughton, who is proceeding without counsel. She was granted *in forma pauperis* ("IFP") status on February 27, 2009.  The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  I recommend that the action be DISMISSED WITH PREJUDICE under Fed.R.Civ.P. 41(b), for failure to prosecute.

                                          I.    BACKGROUND

      Plaintiff filed her complaint on February 27, 2009. On July 7, 2009, Defendant Commissioner filed an answer, and the administrative record was filed the following day, on July 8, 2009.  On July 13, 2009, the Court entered a scheduling order [Docket #8], requiring that Plaintiff's motion for summary judgment be filed on or before August 18, 2009.

      August 18, 2009 came and went without Plaintiff having filed either her motion or a request for extension of time to do so. Therefore, on September 15, 2009, the Court

ordered her to show cause in writing why her case should not be dismissed for failure to prosecute [Docket #9]. Almost two months have passed since the show cause order was entered, and Plaintiff has filed nothing with the Court.

## II.   LEGAL PRINCIPLES

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion   in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

In the case of a *pro se* litigant, "the Court must take into consideration the

difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

### III.   DISCUSSION

As to the first *Knoll* factor, without addressing the issue of willfulness or bad faith, this *pro se* plaintiff is clearly at fault for not complying with the scheduling order of July 13, 2009, not requesting any extension of time for filing her motion for summary judgment, and not complying with the show cause order of September 15, 2009. There was nothing ambiguous or unclear about these orders. Almost three months have passed since her motion was due, and Plaintiff has taken no action whatsoever to move this case forward.

Looking at the second factor, there is no significant, identifiable prejudice

to the Defendant at this point. The third factor, however, weighs heavily against the Plaintiff, since she was given very clear notice in the show cause order of September 15, 2009 that her failure to take action would lead to a recommendation of dismissal.

Finally, as to the fourth factor, this is not a case where, for example, an attorney's deficient performance can be sanctioned short of dismissing his or her client's case. *See Mulbah, supra.* This case simply cannot proceed unless Plaintiff files a motion for summary judgment, setting forth what relief she is requesting, and the basis on which that relief should be granted.

The approximately three months that have passed since Plaintiff was ordered to file her motion for summary judgment is a "reasonable time" within the meaning of L.R. 41.2. Her failure to respond in any matter to the show cause order of September 15, 2009, suggests an intent to abandon this litigation. Insofar as Plaintiff has taken no action, even after the Court sent her notice of the consequences of failure to comply with the show cause order, dismissal is appropriate. Further, Fed.R.Civ.P. 41(b) states that a dismissal under that subdivision "operates as an adjudication upon the merits." Therefore, dismissal should be with prejudice.

## IV.   CONCLUSION

For all the above reasons, I recommend that Plaintiff's complaint be DISMISSED WITH PREJUDICE because of her failure to prosecute.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        S/R. Steven Whalen

                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  November 10, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 10, 2009.

                                        s/Susan Jefferson

                                        Case Manager